**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 15-4203**

---

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

  v.

RODNEY SYLVESTER WIGGINS,

  Defendant - Appellant.

---

Appeal from the United States District Court for the District of Maryland, at Baltimore. William D. Quarles, Jr., District Judge. (1:13-cr-00146-WDQ-1)

---

Submitted: February 27, 2023                    Decided: March 27, 2023

---

Before WILKINSON and KING, Circuit Judges, and KEENAN, Senior Circuit Judge.

---

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

**ON BRIEF:** Allen H. Orenberg, ORENBERG LAW FIRM, PC, Potomac, Maryland, for Appellant. Erek L. Barron, United States Attorney, Brandon K. Moore, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a bench trial, the district court found Rodney Sylvester Wiggins guilty of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), possessing and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c), and possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g). The district court sentenced Wiggins to a total sentence of 292 months' imprisonment. Wiggins timely appeals, challenging his convictions and his sentence. We affirm his convictions and vacate his sentence.

We first address Wiggins' challenge to the sufficiency of the evidence to support his Hobbs Act robbery conviction, an issue we review de novo. *United States v. Bran*, 776 F.3d 276, 279 (4th Cir. 2015). In assessing the sufficiency of the evidence, we determine whether there is substantial evidence to support the convictions when viewed in the light most favorable to the Government. *United States v. Haas*, 986 F.3d 467, 477 (4th Cir. 2021). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (cleaned up). "A defendant who brings a sufficiency challenge bears a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018) (internal quotation marks omitted).

The Hobbs Act prohibits robbery or extortion that "in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce." 18 U.S.C. § 1951(a). To establish a § 1951(a) offense, the Government must show: "(1)

2

that the defendant coerced the victim to part with property; (2) that the coercion occurred through the wrongful use of actual or threatened force, violence or fear or under color of official right; and (3) that the coercion occurred in such a way as to affect adversely interstate commerce." *United States v. Reed*, 780 F.3d 260, 271 (4th Cir. 2015) (internal quotation marks omitted).

Wiggins contends that the evidence was insufficient to establish the jurisdictional predicate of the Hobbs Act, to wit: an interstate nexus.[1] "The jurisdictional predicate of the Hobbs Act requires only that the government prove a minimal effect on interstate commerce." *United States v. Taylor*, 942 F.3d 205, 218 (4th Cir. 2019) (cleaned up). "Such an impact is not difficult to show" and "may be so minor as to be *de minimis* and may be demonstrated by proof of probabilities." *United States v. Taylor*, 754 F.3d 217, 222 (4th Cir. 2014) (cleaned up). "Moreover, the government is not required to prove that the defendant intended to affect commerce or that the effect on commerce was certain; it is enough that such an effect was the natural, probable consequence of the defendant's actions." *Id.* (internal quotation marks omitted). Simply depleting the assets of a business engaged in interstate commerce is all that is necessary to satisfy the interstate nexus requirement of the Hobbs Act. *United States v. Bengali*, 11 F.3d 1207, 1212 (4th Cir. 1993).

---

[1] Wiggins does not dispute the sufficiency of the evidence to support the other elements of Hobbs Act robbery.

3

The evidence in this case established that Wiggins robbed two guests inside their hotel room at the Hampton Inn in Glen Burnie, Maryland. The Hampton Inn is part of a national chain that purchases supplies from out-of-state and most of the hotel's guests are from out-of-state. The victims canceled their two-night stay because of the robbery and the hotel refunded their money. Viewed in the light most favorable to the Government, we conclude that evidence established beyond a reasonable doubt that the robbery depleted the assets of a business engaged in interstate commerce, which was the natural, probable consequence of Wiggins' conduct in robbing hotel guests in their hotel room, and therefore was sufficient to meet the jurisdictional requirement of the Hobbs Act.

Next, Wiggins argues that the evidence was insufficient to support his § 922(g) conviction in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), because the Government failed to prove that he knew he had been convicted of a felony at the time he possessed the firearm. In *Rehaif*, which issued after Wiggins' conviction and sentencing, "the Supreme Court concluded that to obtain a § 922(g) conviction, the government 'must show that the defendant knew he possessed a firearm *and also that he knew he had the relevant [felon] status when he possessed it*.'" *United States v. Caldwell*, 7 F.4th 191, 213 (4th Cir. 2021) (quoting *Rehaif*, 139 S. Ct. at 2194).

Because Wiggins did not raise this issue in the district court, our review is for plain error. *Caldwell*, 7 F.4th at 213. "To succeed in obtaining plain-error relief, a defendant must show (1) an error, (2) that is plain, (3) and that affects substantial rights." *Id.* at 211. To establish that his substantial rights have been affected, Wiggins must show that without

4

the *Rehaif* error, "there is a reasonable probability that he would have been acquitted." *Greer v. United States*, 141 S. Ct. 2090, 2097 (2021) (internal quotation marks omitted).

"As the Supreme Court has noted, '[i]n a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon.'" *Caldwell*, 7 F.4th at 213 (quoting *Greer*, 141 S. Ct. at 2097). Although "the mere undisputed fact that [the defendant] was a felon at the time of the [offense] is not dispositive," *id.*, absent "'a sufficient argument or representation' that he would have presented a factual basis at trial" for establishing that, despite his prior felony convictions, he did not know he was a felon, a defendant cannot meet his burden of establishing a reasonable probability that he would not have been convicted without the *Rehaif* error, *United States v. Hobbs*, 24 F.4th 965, 973 (4th Cir.) (quoting *Greer*, 141 S. Ct. at 2100), *cert. denied*, 142 S. Ct. 2825 (2022); *see Caldwell*, 7 F.4th at 213 (holding defendant did not make showing where he never disputed validity of his felony convictions and had served sentences longer than a year, "making it virtually impossible to believe he did not know he had been convicted of crimes punishable by such sentences").

Here, the Government did not present evidence that Wiggins knew he was a felon at the time of the offense, but we conclude that Wiggins cannot show that the omission affected his substantial rights. He claims that, if given the opportunity, he would have presented evidence that he did not know he was a felon when he possessed the firearm and ammunition because his prior felonies occurred 10 years earlier when he was 18 or 19, and

5

they were prosecuted in state court.  However, Wiggins stipulated that he had previously been convicted of an offense punishable by more than a year in prison.  His prior felony convictions were robberies for which he served more than a year in prison.  Given the seriousness of his prior felony convictions, the length of time he served, and his stipulation, we conclude that, despite his claim on appeal that he was unaware of his felon status, Wiggins "failed to carry his burden of showing a reasonable probability that he would not have been convicted absent the *Rehaif* error."  *Hobbs*, 24 F.4th at 973.

Turning to Wiggins' sentence, he argues that the district court reversibly erred by imposing conditions of supervised release in the written criminal judgment that were not orally pronounced at the sentencing hearing.  "[I]n order to sentence a defendant to a non-mandatory condition of supervised release, the sentencing court must include that condition in its oral pronouncement of a defendant's sentence in open court."  *United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021) (citing *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020)).  This directive applies to "any set of discretionary conditions."  *Rogers*, 961 F.3d at 297-98.  We conclude that the district court—which did not have the benefit of these decisions when it sentenced Wiggins—did not comply with this directive with respect to the non-mandatory conditions of supervision appearing in the written criminal judgment.  Thus, Wiggins was not sentenced to those conditions, and a remand for resentencing is required.[2]  *See Singletary*, 984 F.3d at 344, 346-47.

---

[2] Because Wiggins' entire sentence must be vacated in light of the *Rogers* error, we decline to address the other sentencing issues Wiggins raises on appeal.  *See Singletary*, 984 F.3d at 346.

6

We therefore affirm Wiggins' convictions, vacate his sentence, and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED*